NO. 07-08-0146-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 27, 2008
______________________________

IN THE MATTER OF THE MARRIAGE OF

LINDA M. MCGUYER AND MICHAEL S. GARCIA
_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

NO. 58,099-L2; HONORABLE RONNIE WALKER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Linda McGuyer, perfected an appeal from the trial court’s judgment
finding that the parties were not married. McGuyer has now filed a motion to dismiss her
appeal and has conformed to the requirements of Rule 10.1 of the Texas Rules of
Appellate Procedure. This disposition is authorized by Rule 42.1(a)(1) and 43.2(f) of the
Texas Rules of Appellate Procedure. Finding the motion complies with the requirements
of Rules 10.1 and 42.1(a), we dismiss the appeal. Further, the court will tax costs against 
McGuyer. Tex. R. App. P. 42.1(d).
          Having disposed of this appeal at McGuyer’s request, we will not entertain a motion
for rehearing and our mandate shall issue forthwith.
 
                                                                Per Curiam



#160;  whether appellant is indigent; 
 
          2.       whether appellant desires to prosecute the appeals;
 
3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel’s failure to timely file appellate
briefs. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant
is entitled to the effective assistance of counsel on the first appeal as
of right and that counsel must be available to assist in preparing and
submitting an appellate brief).

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeals, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeals. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court’s findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk’s record in each case containing the findings of fact and
conclusions of law and 2) a reporter’s record in each case transcribing the evidence and
argument presented at the aforementioned hearing. Additionally, the trial court shall cause
the supplemental clerk’s records to be filed with the clerk of this court on or before
September 4, 2009. Should additional time be needed to perform these tasks, the trial
court may request same on or before September 4, 2009.
          It is so ordered.
 
                                                                           Per Curiam
Do not publish.